

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
SUPRIYA PRASAD
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
supriya.prasad@usdoj.gov
Attorneys for the United States

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-CR-050-APG-VCF |
| Plaintiff, | **Stipulation for Entry of Order of Forfeiture** |
| v. | |
| TORI IMAN LUCIA MANGUM, AKA, TORI IMAN LUCIA MAGNUM | |
| Defendant. | |

The United States of America and Tori Iman Lucia Mangum, aka Tori Iman Lucia

Magnum (Defendant), and her counsel, Keisha K. Matthews, agree as follows:

1.      Mangum is pleading guilty to Count One of a One-Count Criminal

Indictment charging her with sex trafficking of children in violation of 18 U.S.C.

§ 1591(a)(1). Criminal Indictment, ECF No. 5.

2.      Beginning on a date unknown and continuing to on or about December 20,

2021, defendant admits that she did knowingly recruit, entice, harbor, transport, provide,

obtain, maintain, and solicit VICTIM-1, a 14-year-old child, knowing that VICTIM-1 would

be caused to engage in a commercial sex act. Defendant used two cell phones, an iPhone 11

bearing IMEI 352902117161506 and a TCL Model A509DL (vL6X smart phone) bearing

IMEI 015858001699093, to traffic VICTIM-1; specifically, the cell phones were used to take

pictures for prostitution advertisements, to post prostitution advertisements featuring

VICTIM-1 online, to communicate with sex buyers who responded to the prostitution

advertisements, to collect payment from sex buyers, and to communicate with VICTIM-1

1  and others about prostitution related activity. Defendant admits that defendant knew that
2  VICTIM-1 was a 14-year-old child when she knowingly recruited, enticed, harbored,
3  transported, provided, obtained, maintained, and solicited VICTIM-1. Defendant also
4  admits that defendant's acts were in or affecting interstate or foreign commerce.

5     3.     This stipulation does not prohibit the USAO or any agency or third party
6  from seeking any other civil or administrative remedies, including administrative forfeiture
7  or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's
8  property.

9     4.     Defendant agrees to the forfeiture of the property and the imposition of the
10  forfeiture of the property as set forth in this Stipulation for Entry of Order of Forfeiture
11  (Stipulation).

12     5.     Defendant understands that the district court will impose the forfeiture of the
13  property.

14     6.     Defendant knowingly and voluntarily:
15        a.  Agrees to the district court imposing the civil judicial forfeiture and the
16  criminal forfeiture of:
17           i.  an iPhone 11 bearing IMEI 352902117161506; and
18           ii.  a TCL Model A509DL (vL6X smart phone) bearing IMEI
19              015858001699093
20  (all of which constitutes property);
21        b.  Agrees to the civil judicial forfeiture and the criminal forfeiture of the
22  property;
23        c.  Forfeits the property to the United States;
24        d.  Relinquishes all possessory rights, ownership rights, and all rights, titles, and
25  interests in the property;
26        e.  Waives defendant's right to any civil judicial forfeiture proceedings and any
27  criminal forfeiture proceedings of the property (proceedings);
28  / / /

2

1       f.   Waives service of process of any and all documents filed in this action and
2 any proceedings concerning the forfeiture of the property arising from the facts and
3 circumstances of this case;

4       g.   Waives any further notice to defendant, defendant's agents, and defendant's
5 attorney regarding the forfeiture and disposition of the property;

6       h.   Agrees not to file any claim, answer, petition, and other documents in any
7 proceedings concerning the property; agrees not to contest, and agrees not to assist any
8 other person and entity to contest, the forfeiture; and agrees to withdraw immediately any
9 claim, answer, petition, and other documents in any proceedings;

10       i.   Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P.
11 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging
12 document, the court advising defendant of the forfeiture at the change of plea, the court
13 having a forfeiture hearing, the court making factual findings regarding the forfeiture, the
14 court announcing the forfeiture at the change of plea and sentencing, the court attaching the
15 forfeiture order to the Judgment in a Criminal Case, and any and all constitutional,
16 statutory, legal, equitable rights, defenses, and claims regarding the property in any
17 proceedings, including, but not limited to, double jeopardy and due process under the Fifth
18 Amendment to the United States Constitution;

19       j.   Waives all constitutional, statutory, legal, equitable rights, defenses, and
20 claims regarding the property in any proceedings, including, but not limited to, a jury trial
21 under the Sixth Amendment to the United States Constitution;

22       k.   Waives any and all constitutional, statutory, legal, equitable rights, defenses,
23 and claims regarding the property in any proceedings, including, but not limited to,
24 excessive fines clause and cruel and unusual punishments clause under the Eighth
25 Amendment to the United States Constitution;

26       l.   Waives any and all constitutional, statutory, legal, equitable rights, defenses,
27 and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443
28 / / /

3

1 | (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18

2 | F.4th 313 (9th Cir. 2021);

3 |         m.  Agrees to the entry of an Order of Forfeiture of the property to the United

4 | States;

5 |         n.  Waives the right to appeal any Order of Forfeiture;

6 |         o.  Agrees the property is forfeited to the United States and can be taken into

7 | custody immediately by the USAO;

8 |         p.  Agrees and understands the civil administrative forfeiture, the civil judicial

9 | forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of

10 | any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court

11 | may impose upon defendant in addition to the forfeiture;

12 |         q.  Agrees and understands that on the government's motion, the court may at

13 | any time enter an order of forfeiture or amend an existing order of forfeiture to include

14 | subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A)

15 | and (C) and 32.2(e);

16 |         r.  Acknowledges the amount of the forfeiture may differ from, and may be

17 | significantly greater than or less than, the amount of restitution;

18 |         s.  Agrees to take all steps as requested by the USAO to pass clear title of any

19 | forfeitable assets to the United States and to testify truthfully in any judicial forfeiture

20 | proceedings. Defendant understands and agrees that the property represents facilitating

21 | property of illegal conduct and is forfeitable; and

22 |         t.  Admits the property is (1) any property, real or personal, that was involved in,

23 | used, or intended to be used to commit or to facilitate the commission of 18 U.S.C.

24 | § 1591(a)(1), and any property traceable to such property or (2) any property, real or

25 | personal, involved in, used, or intended to be used to commit or to facilitate the commission

26 | of any violation of 18 U.S.C. § 1591(a)(1), and any property traceable to such property and

27 | is subject to forfeiture under 18 U.S.C. § 1594(d)(1) and 18 U.S.C. § 1594(e)(1)(A) with 28

28 | U.S.C. § 2461(c).

7.      Defendant knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

8.      Defendant knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that defendant now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

9.      Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

10.     This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

11.     The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

12.     Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

13.     Each party shall bear their own attorneys' fees, expenses, interest, and costs.

14.     This Stipulation contains the entire agreement between the parties.

15.     This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 9/27/23                               DATED: 9/27/23

FEDERAL PUBLIC DEFENDER                      JASON M. FRIERSON
                                             United States Attorney

KEISHA K. MATTHEWS                           SUPRIYA PRASAD
*Counsel for Defendant*                      Assistant United States Attorney

DATED: 9/27/23

TORI IMAN LUCIA MANGUM, AKA
TORI IMAN LUCIA MAGNUM
*Defendant*

IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: 9/27/23

6